WILLIAM J. BRANDT, Appellant, v. KANSAS CITY BREWERIES COMPANY, Respondent.

**Kansas City Court of Appeals, December 4, 1911.**

1. **MASTER AND SERVANT: Negligence.** Plaintiff was injured while assisting in loading a car of beer. Two tiers of beer casks were stood on end, and the third layer of casks placed on their sides on top of the second layer. The roof of the car was not high enough to permit the three tiers to be placed on end. One of the casks which had been placed on its side rolled off and fell on plaintiff while he was placing a keg of beer in position. There was no evidence of negligence of the men in the placing of this particular cask. *Held,* that the trial court did not err in granting defendant a new trial.

2. ———: ———: **Fellow Servants.** Where there is but one foreman in charge of the work, all the servants engaged in that work under his control and supervision, are fellow servants, regardless of the fact that they were drawn from different departments of the plant.

3. ———: ———: **Duty of Master.** The right of the master to conduct his business in his own way is limited only by his duty to exercise reasonable care to conduct his business in a reasonably safe way. He is not compelled to choose the safest method but some method that ordinary care and prudence would regard as reasonably safe.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

It was the duty of defendants to provide plaintiff a reasonably safe place in which to work. Placing a cask on its side so near the edge of the casks on which it rested that the jarring and shaking of the car by rolling half barrels of beer across the floor of the car would cause the cask to roll, certainly made a case of negligence to go to the jury. This is the theory

on which this case was brought and hence, it is immaterial whether the cask was placed in a dangerous position by a fellow-servant or a stranger, or whether it got in such position by an earthquake or the operation of the law of gravitation. If the defendant ordered plaintiff into a place of danger when the exercise of reasonable care on the part of the defendant would have disclosed the danger, then the defendant is liable. The facts in this case bring it within the rule laid down in the following cases: Rigsby v. Oil Well Supply Co., 115 Mo. App. 297; s. c., 130 Mo. App. 128; De Weese v. Mining Co., 128 Mo. 423, affirming s. c., 54 Mo. App. 476; Chicago Hair & Bristle Co. v. Mueller, 203 Ill. 558, affirming 106 Ill. App. 21; Jarrell v. Blackbird B. C. Co. (Mo.), 136 S. W. 754; Mosher Mfg. Co. v. Boyles (Tex.), 132 S. W. 492; Webster v. Stewart I. W. Co. (Ky.), 104 S. W. 708. The lower court granted the new trial on the authority of the following cases: Bradley v. Tea & Coffee Co., 213 Mo. 320; Sutherland v. Lumber Co., 149 Mo. App. 338. But these cases are not applicable to the facts in the case at bar. In the Bradley case, the bags of coffee which fell were moved by the decedent and in the Sutherland case, the piles of lumber which fell were moved by the decedent. But in the case at bar, the casks were not touched by plaintiff. He had nothing to do with them, so that no act of plaintiff was the cause of the cask falling. When the bottlers left the car, defendant should have seen that the car was reasonably safe for the brewers to enter the car and load the keg beer. The issue of the negligence of defendant was properly submitted to the jury and we ask that the judgment of the lower court be reversed and the cause remanded to the trial court with instructions to enter judgment in accordance with the verdict.

*J. E. McFadden* and *O. Q. Claflin, Jr.,* for respondent.

JOHNSON, J.—Plaintiff, a brewer employed at a brewery operated by defendant in Kansas City, was injured while engaged in loading keg beer into a car and alleges that his injuries were caused by the negligence of defendant in failing to provide him a reasonably safe place in which to work. The answer contains a general denial and pleas of assumed risk and contributory negligence. At the close of the evidence the court refused the request of defendant for a peremptory instruction and submitted issues of fact to the jury. A verdict was returned for plaintiff but afterwards defendant's motion for a new trial was sustained on the ground "that the court erred in not sustaining the said demurrer to the evidence . . . and in not finding the plaintiff to be injured by a fellow-servant." Plaintiff appealed.

Material facts disclosed by the evidence may be stated as follows: Plaintiff had been employed as a brewer by defendant for more than a year preceding the injury and, frequently had been required to assist in loading beer in railroad cars for shipment. Quite often keg beer and bottled beer were loaded in the same car to make a load and that is what was being done in the present case. There is evidence tending to show that the brewing and bottling departments were under separate foremen and that the brewers and bottlers belonged to separate labor unions and worked under different contracts of employment made with defendant in their behalf by their respective unions. A shipping clerk, however, attended to supervising the loading of cars where, as here, the load was to be partly of keg and partly of bottled beer, the clerk selected men from the two departments to do the loading and we are accurate in saying that cars were loaded under the direction and supervision of a single

foreman (the shipping clerk), though the men for the work were drawn from different departments of the brewery. Some bottled beer was packed in cases and some in casks. In this instance the bottled beer loaded into the cars was in casks and one half of the car was filled with such casks before the brewers began loading the other half with kegs of unbottled beer. When, as often happened, the roof of the car was not high enough to admit three tiers of casks stood on end, it was the custom of the loaders, followed during the whole period of plaintiff's employment and known to plaintiff, to place the third layer of casks on their sides on top of the second layer. The casks under consideration were loaded in the manner just described and one of these top casks which had been placed on its side rolled off and fell on plaintiff while he was placing a keg of beer in position. There is no evidence before us tending to show negligence of the men in the placing of this particular cask but the negligence, if any, on which plaintiff's cause must be founded, was in the method of placing the top casks on their sides, a position less secure and less safe to men working in the car than that of casks placed on end. The petition alleges, "it was the duty of the foreman in charge of said work to see that the casks were carefully piled in a safe and secure manner so that they would not fall upon persons, who might enter the car. That it was the duty of the foreman under whom plaintiff was working to provide plaintiff with a reasonably safe place in which to work. That, thereafter the gang in which plaintiff was working was sent by the foreman to the same car to load the remainder of the space in said car with kegs of beer. That while plaintiff was engaged in said work and was stooping over handling a keg, said cask which had been negligently placed in an unsafe and insecure position as aforesaid, fell and struck plaintiff, injuring him internally."

The gist of the pleaded cause is that defendant, the master, negligently failed to exercise reasonable care to provide plaintiff, its servant, a reasonably safe place in which to work, and it is the theory of plaintiff that the men who loaded the casks were not fellow servants of plaintiff but being employed in a different department and being under different supervision, should be regarded merely as servants whose duties in loading the car, related to the performance of the defendant's non-delegable duty towards plaintiff of furnishing him a reasonably safe place for doing his work and, therefore, that their negligence should be treated as defendant's negligence.

The rule invoked by plaintiff that "they are co-servants who are so related and associated in their work that they can observe and have an influence over each other's conduct and report delinquencies to a common correcting power and they are not co-servants who are engaged in different and distinct departments of work," (Relyea v. Railway, 112 Mo. 86; Koerner v. Car Co., 209 Mo. 141) may be conceded but in the view we entertain of the facts of the case, it does not aid the position of plaintiff. There was but one foreman in charge of the work of loading cars. All of the servants engaged in that work under his control and supervision were fellow servants, regardless of whether or not they were drawn from different departments of the brewery. In the work of loading they could observe each other and have an influence over each other's work, and they had a common vice-principal to whom any of them might complain of the delinquencies of his co-workers.

But if it could be said that we entertain an incorrect view of the duties of the shipping clerk and that he had no right to supervise or control the work of loading the car, still, we think the demurrer to the evidence would have to be sustained on the ground that the proof will not sustain a reasonable conclu-

sion that defendant was negligent in providing an unsafe method of loading cars. The right of the master to conduct his business in his own way is limited only by his duty to exercise reasonable care to conduct his business in a reasonably safe way. He is not compelled to choose the safest method but some method that ordinary care and prudence would regard as reasonably safe. There was no other way to load the car except by leaving out the top layer of casks and sending the car out without a full load. Defendant had the right to load the car to its capacity in the usual way and to employ men to do that work. Obviously the possibility that a cask placed on its side might roll off the top of the two tiers of standing casks . was a risk incident to the work of loading cars to their capacity and, therefore, was not a risk caused by negligence of defendant in selecting an unsafe method for doing the work. Being an inherent risk, obvious and known to plaintiff, it was one of the hazards he assumed as part of his contract of employment.

It follows that the court did not err in granting a new trial and the judgment is affirmed. All concur.